UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In the Matter of,

    BOYSIN RALPH LORICK
    and CYNTHIA THERESA LORICK
-------------------------------------------------------X
SOLEYMAN GHALCHI,

                    Appellant,

-against-

BOYSIN RALPH LORICK and CYNTHIA
THERESA LORICK,

                 Appellee(s).
-------------------------------------------------------X

Nos. 17-cv-5641 (ILG)
17-cv-6344 (ILG)
(Consolidated)

# APPELLEES' BRIEF

KARAMVIR DAHIYA
Counsel for the Appellees
DAHIYA LAW OFFICES, LLC
75 MAIDEN LANE SUITE 506
NEW YORK NY 10038
TEL: 212 766 8000
karam@legalpundit.com

# TABLE OF CONTENTS

1.  **TABLE OF CONTENTS**………………………………………………………………..…ii

2.  **TABLE OF AUTHORITIES**……………………………………………………………...…iii

3.  **PRELIMINARY STATEMENT**……………………………………………………….......1

4.  **FACTUAL BACKGROUND**………………………………………………………….…...1

5.  **STANDARD OF REVIEW**……………………………………………………………...……3

6.  **ARGUMENTS**……………………………………………………………………….......4

    1. It is the appellant who committed serious illegality upon the court and the sale process…………………………………………………...…………………...….4
    2. Irrespective, we agree with the appellant that the sale should be cancelled and Ghalchi gets paid the sale price upon cancellation of sale ……………………………………………………….…………..6

7.  **CONCLUSION** …………………………………………………………………..…..11

## TABLE OF AUTHORITIES

*Alvord-Polk, Inc. v. F. Schumacher & Co.*
    37F.3d 996 (3rd Cir. 1994)………………………………………………………………....4

*Anderson News, LLC v. Am. Media., Inc.*,
    680 F.3d 162 (2nd Cir. 2012)……………………………………………………………….5

*Arizonans for Official English v. Arizona*
    520 U.S. 43, 65 (1997)………………………………………………………………...,..…10

*Bose Corp. v. Consumers Union of U.S., Inc.*,
    466 U.S. 485 (1984)…………………………………………………………….………..3

*Commissioner v. Shapiro*
    424 U.S. 614, 622 n.7 (1976)…………………………………………………….………10

*DeFunis v. Odegaard,*
    416 U.S. 312 (1974)……………………………………………………………….…..…10

*Deposit Guarantee Nat'l Bank v. Roper*
    445 U.S. 326 (1980) ……………………………………………………………………10

*ES Dev. V. RWM Enters.*,
    939 F.2d 547, 553 (8th Cir. 1991)………………………………………….................4

*Gainsville Utils. Dept. v. Fla Power & Light Co.*,
    573 F.2d 292, (5th Cir. 1978)………………………………………………………………4

*Hall v. Beals*,
    396 U.S. 45, 48 (1969)……………………………………………………………………10

*Inwood Labs., Inc. v. Ives Labs., Inc.*,
    456 U.S. 844 (1982)……………………………………..………………………….4

*Lewis v. Continental Bank Corp.*,
    494 U.S. 472 (1990):……………………………………………………………...……10

*In re Mercedez-Benz Anttrust Litig.,*
    2006 U.S. Dist. LEXIS 51202, AT *28-29 (d.n.j. 2006) ………………………..……5

*Michelman v. Clark-Schwebel Fiber Glass Corp.*,
    534 F.2d 1036 (2nd Cir. 1976))). …………………………………………..………..5

*Musacchio v. United States*
    136 S. Ct. 709    (2016)……………………………………………………………….9

*Northern Pac. Ry. Co. United States*,
    356 U.S. 1, 5 (1958)……………………………………………………..………..5

*Powell v. McCormack*,
    395 U.S. 486 (1969)……………………………………………………..………10
.
*Pullman-Standard v. Swint*
    456 U.S. 273  (1982)………………………………………………………………...3

*Puckett v. United States,*
    556 U.S. 129 (2009)……………………………………………………………9

*Singleton v. Wulff,*
    428 U.S. 106 (1976)……………………………………………………..………9

*Shcherbakovskiy v. Da Capo Al Fine, Ltd.*,
    490 F.3d 130 (2d Cir. 2007)………………………………..………………9

*Toledo Mack Sales & Serv. V. Mac Trucks,*
    530 F.3d 204 (3rd Cir. 2008)…………………………………………………4

*United States v. Gen. Motors Corp.*,
    384 U.S. 127  (1966)……………………………………………………………….4

*United States v. American Airlines,*
    743 F.2d 1114  (5th Cir. 1984)………………………………………..………5

*United States v. Foley*
    598 F.2d 1323 (4th Cir. 1979)……………………………………..………………..5

*Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*,
    546 U.S. 394  (2006) ……………………………………………………………..9

 *Westinghouse Credit Corp. v. D'Urso,*
    371 F.3d 96 (2d Cir.2004) ……………………………………..…………10

*United States v. Olano,*
    507 U.S. 725 (1993)……………………………………………………………..9

 *Wood v. Milyard,*
    566 U.S. 463  (2012) …………………………………………………………..9

*Yakus v. United States,*
    321 U.S. 414 (1944)………………………………………..………………… 9

**Preliminary Statement**

This case is not a routine case. It was mired with gross incompetence, corruption and greed of parties and--the debtors, the appellees are its victims. Neither was there a due process nor a wisdom to what transpired in the bankruptcy forum.  The debtors did not even have the lawyers of their choice when the sale of the property (issues related herewith) was consummated—the debtors as pro-se went up to the Second Circuit Court of Appeals to stop what they were going through—without any legal help, the debtors could not stand a chance. (A look at the bankruptcy court docket and district court related to the debtor's name shall reveal a lot. Appellees Appendix tells a bit).  Not only lack of effective representation of debtors, it seemed that was an agenda motivated by short cuts by some parties in this bankruptcy process.  Irrespective of what transpired. We concur with the appellant that the sale of the real property, the subject matter of this appeal, be set aside. Upon cancellation of sale, the debtors [the appellee] would pay back to the appellant the sale price, $7.350 million.

**Factual Background**

Boysin Ralph Lorick ("Boysin Lorick") and Cynthia Theresa Lorick (collectively, the "Debtors") filed a voluntary joint petition for relief under Chapter 11 of title 11 of the United Sates Code (the "Bankruptcy Code") with the United States Bankruptcy Court, Eastern District of New York on December 15, 2016 ("Petition Date").  There was no Chapter 11 Plan or a disclosure statement filed.  The case turned to be a sale vehicle of the debtors real property: 3126 Coney Island Avenue, Brooklyn, New York 11235 (the "Property").  The debtors did not want to sell the property, however the then debtors' counsel Ms. Norma Ortiz still moved the court expressing pressure from the court to sell the property.  Thus, the Property was slated to be sold with minimum publicity (clearly harming the debtors), resulting in only four bidders: Soleyman Ghalchi ("Ghalchi" or the "Appellant"), Mohammad Choudhary ("Choudhary"), Jack Geula ("Geula"), and Leon Goldenberg ("Goldenberg").  All four bidders appeared for the open auction on August 22, 2017.

1

Choudhary was the highest bidder, yet he was not improperly removed from the bid on behest of the secured creditor, Wells Fargo's counselor, Colin Bernardino. There are some very serious allegations against Mr. Bernardino. A civil rights complaint has been filed against him. Appellee Appendix. P. 001. There is no doubt that Mr. Choudhary was the highest bidder and property should have gone to him. Mr. Choudhary, if he did not have the money, he would have forfeited his advance, for which the then debtors' counsel Mr. Norma Ortiz had the funds.

In and during the auction, Ghalchi made improper moves to keep the auctioning bids repressed, thus the Property never received the proper value. The record is clear.

> "I mean, I could tell you that before the auction he [Ghalchi] tried to approach me in the hallway and ask me to cut a deal so that one of us maybe might not bid during the auction in order to get an upper hand on the auction. And that to me, I told him flat out: "Don't even talk to me about that. I have no interest in any sort of deal like this whatsoever."

Deposition of Jack Geula, a bidder, October 2nd, 2017, TR. P.27:1422. Appellees Appendix. P. 059. And again in the trial,

> Q And you said Mr. Ghalchi approached you or saw you in the hallway before the auction started?
> A He saw me in the hallway and he came up to me.
> Q And what did he say?
> **A** He asked if I'm Iranian.
> Q And what
> A I said yes. He asked me, do you speak Farsi, I said yes. He said, how are you, I said, good, how are you.

Sale Approval Trial Transcript. Page 741 of 1076 of the Appellants Appendix. See again:

> Q Sir, when Mr. Ghalchi approached you, did he have a conversation with you beyond asking you if you were Iranian and did you speak Farsi?
> A Yes.
> Q Did he have a conversation with you about the bidding process?
> A Yes.
> Q And what did Mr. Ghalchi say to you about the bidding process?
> A Well, he asked me if I know the building. I said I had been to the building once, I went through it, I did a walkthrough, and he said, so you're familiar with it; I said, you know, to a certain extent. He said, you know, I worked

2

> on this for a couple of months, I'm very familiar with it.
> I said okay. And he said, you know, he suggested that maybe
> it doesn't make sense for both of us to bid on it, or maybe
> to possibly discuss some arrangement so that we might not
> harm each other in the process of -- in the bidding process.
> Q And in response
> to that, what did you say?
>
> **A** That I don't think that's a good idea and we'll just
> have to go in and see how it plays out.

Trial Transcript Ibid at Page 170 (App. Appendix 746-747). This issue of Ghalchi conduct was never highlighted or argued. Everyone overlooked. Despite such a conduct, Ghalchi received the property at a very throw away price. The claim against Ghalchi is mentioned, infra.

## Standard of Review

It is well-settled that, as between district judges and the appellate bench, "[f]actfinding is the basic responsibility of [the] district courts [here the bankruptcy court as the court of trial]." *Pullman-Standard v. Swint*, 456 U.S. 273, 291 (1982). And,

> Findings of fact, whether based on oral or other evidence, must not be set aside unless clearly erroneous, and the reviewing court must give due regard to the trial court's opportunity to judge the witnesses' credibility.

Fed. R. Civ. P. 52(a)(6). Pursuant to the clearly erroneous standard, a trial judge's findings of fact are presumptively correct. *See Bose Corp. v. Consumers Union of U.S., Inc.,* 466 U.S. 485, 500 (1984). This presumption "recognizes and rests upon the unique opportunity afforded the trial court judge to evaluate the credibility of witnesses and to weigh the evidence*." Inwood Labs., Inc. v. Ives Labs., Inc.*, 456 U.S. 844, 855 (1982). But the trial court could only see what filtered through the lawyer. For instance, Choudhury being the highest and capable of providing for the payment on the bid was not properly presented. Rather abandoning the interest of the debtors and going with the pressure tactics of Mr. Bernardino, the former counsel of the debtors presented to

3

the court that Mr. Choudhary would not be in the best interest of the debtor. Mr. Choudhary wanted to buy the Property, the debtor Boysin Lorick wanted him to buy. But they had no voice in the hearing. The debtor Mr. Lorick tried to speak, but he was not allowed to speak and his lawyer did not speak what he wanted to speak.

Not entire facts came to light. It was the agenda of the Bank, Wells Fargo, that got established. Neither the debtors, nor this appellant were or are happy with the outcome. The sale should be cancelled. The appellees through, Mr. Choudhary, would be able to pay the appellants back the money they paid, $7.350 million. Appellants must hand over the building to the debtors. This what the appellant wants and this is what the appellee wants.

### Arguments

**1. It is the appellant who committed serious illegality upon the court and the sale process.**

Both Ghalchi and Guela entered into an agreement to keep the bid as low as possible. Guela stopped at 6.950 million though he had clear ability to go up. However, honoring his secret agreement. He did not bid. Ghalchi and Guela agreement violated antitrust Section 1 of the Sherman Act which provides that "[e]very contract, combination in the form of trust or otherwise, or conspiracy, in restrain of trade or commerce among the several states . . . is declared to be illegal." Such agreement was unreasonable restrain. It is clear that an express agreement can show concerted action, a formal contract is not necessary. See, e.g., *United States v. Gen. Motors Corp.*, 384 U.S. 127, 14-43 (1966)("it has long been settled that explicit agreement is not necessary part of a Sherman Act conspiracy"); *Toledo Mack Sales & Serv. V. Mac Trucks,* 530 F.3d 204, 220-22 (3rd Cir. 2008)(testimony introduced by plaintiff of "unwritten" or gentleman's" agreement among Mack dealers to refrain from price competition was sufficient direct evidence from which jury could find an agreement); *Alvord-Polk, Inc. v. F. Schumacher & Co.* 37F.3d996, 1000 (3rd Cir. 1994); *ES Dev. V. RWM Enters.*, 939 F.2d 547, 553 (8th Cir. 1991): *Gainsville Utils. Dept. v. Fla*

4

*Power & Light Co.*, 573 F.2d 292, 301 (5th Cir. 1978). See also, *United States v. American Airlines,* 743 F.2d 1114, 1119 (5th Cir. 1984)(the Firth Circuit accepting the Justice Dept. theory that attempted price fixing can violate § 2 of the Sherman Act).

Thus, there was "a unity of purpose." ("maybe it doesn't make sense for both of us to bid on it, or maybe to possibly discuss some arrangement so that we might not harm each other in the process of -- in the bidding process." See Transcript). This understanding was more than a tacit one. It was different thing now, having been caught, that Mr. Guela disclaimed such an involvement of scheme of Ghalchi. It is clear that the requisite plurality of conduct can be found even when the parties expressly denies reaching an agreement. *United States v. Foley* 598 F.2d 1323 (4th Cir. 1979). There was a common scheme commitment by Ghalchi and Guela. That is why Guela stopped bidding further and the property never saw its real value, i.e. $10.0 million. Guela admitted, although he attempts to deny it afterward, when issues arose. See *In re Mercedez-Benz Antitrust Litig.,* 2006 U.S. Dist. LEXIS 51202, AT *28-29 (d.n.j. 2006) (relying in part on direct testimonial evidence in denying summary judgment on price-fixing claims). See also *Anderson News, LLC v. Am. Media., Inc*., 680 F.3d 162, 183 (2nd Cir. 2012) ("[C]onspiracies are rarely evidenced by explicit agreements, but nearly always must be proven through "interference that may be drawn from the behavior of the alleged conspirators'" (quoting *Michelman v. Clark-Schwebel Fiber Glass Corp.*, 534 F.2d 1036, 1043 (2nd Cir. 1976))).

Owing to Ghalchi aforesaid conduct the debtor suffered a loss of $2.650 million. The property value exceeds $10 million, the auction only fetched $7.350 million. What Ghalchi attempted and Guela conceded to (though orally reneging afterward) was "per se illegal." *Northern Pac. Ry. Co. United States*, 356 U.S. 1, 5 (1958) (concluding a restrain unreasonable "without elaborate inquiry as to the precise harm [it has] caused or the business excuse for [its]use").

5

With that background, and still, we offer to buy back the property now. The debtors and the highest bidder is willing to pay 7.5 million for the same building. It is ridiculous what Ghalchi is attempting to do. One side he depressed the sale value and other side he is blaming the debtors of complicity in ballooning of price.

**2. Irrespective, we agree with the appellant that the sale should be cancelled and Ghalchi gets paid the sale price upon cancellation of sale.**

Both the appellant and appellee agree with the core relief requested (cancellation of sale) via the notice of the appeal and underlying motions.

There were two appeal notices filed by Ghalchi.

The *first* appeal notice was filed on September 21, 2017. Appellant Appendix, 492. It was regarding an order entered on September 11, 2017, wherein the Bankruptcy Court approved a sale by the appellees of their real property located at 3126 Coney Island Avenue, Brooklyn, New York 11235 (the "Property") to Soleyman Ghalchi ("Ghalchi" or the "Appellant") (the "Sale Order").

The first Amended Notice of Appeal had the following contents:

> PLEASE TAKE NOTICE that Soleyman Ghalchi, the party declared to be the Successful Bidder for Debtors' Real Property located at 3126 Coney Island Avenue, Brooklyn, New York (the "Property"), by and through its counsel, Certilman Balin Adler & Hyman, LLP, hereby appeals, pursuant to 28 U.S.C. *§* 158(a) and Rule 8001 of the Federal Rules of Bankruptcy Procedure, to the United States District Court for the Eastern District of New York, the *Order Approving the Sale of Real Property "As Is" and "Where Is", Free and Clear of All Liens, Claims, Encumbrances, and Interests* and Granting Related Relief (per Honorable Carla E. Craig), dated September 8, 2017 and entered September 11, 201 7 (the "Sale Confirmation Order") [Dkt. No 95].

Ghalchi Amended Notice of Appeal, Appellant Appendix, P. 492. On October 5, 2017, Ghalchi filed a statement of issues and designation of the contents of appellate record pursuant to Rule 8009.

The *second* Notice of Appeal was filed on October 26, 2017, against the Bankruptcy Court Order Denying Motion for Reconsideration and Ghalchi filed a statement of issues and designation of

6

the contents of appellate record.  The motion to reconsider and set aside the sale order had the following prayer:

> WHEREFORE, Soleyman Ghalchi respectfully requests that this Court enter an Order pursuant to Rule 59(e) of the Federal Rules of Civil Procedure ("Federal Rules"), as made applicable herein by Rule 9023 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules")
>
> (i) revoking the Order Approving the Sale of Real Property "As ls" and "Where Is", Free and Clear of All Liens, Claims, Encumbrances, and Interests and Granting Related Relief, dated September 8, 2017 and entered September 11, 2107;
> (ii) (ii) cancelling the auction sale;
> (iii) directing the Debtors to return Ghalchi's deposit in the sum of $735,000; and
> (iv) granting such other, further and related relief as is just, proper and equitable.

Appellant App. P. 449. On October 26, 2017.  Upon denial of the foregoing Ghalchi filed his notice of appeal,

> PLEASE TAKE NOTICE that Soleyman Ghalchi, the party declared to be the Successful Bidder for Debtors' Real Property located at 3126 Coney Island Avenue, Brooklyn, New York (the "Property"), by and through its counsel, Certilman Balin Adler & Hyman, LLP, hereby appeals, pursuant to 28 U.S.C. § 158(a) and Rule 8001 of the Federal Rules of Bankruptcy Procedure, to the United States District Court for the Eastern District of New York, the Order Denying Motion of Soleyman Ghalchi, pursuant to Rule 9023 of Federal Rule of Bankruptcy Procedure and Rule 59(e) of Federal Rules of Civil Procedure, for Relief from Order Confirming Sale of Real Property dated September 8, 2017 and Entered September 11, 2017 (per Honorable Carla E. Craig), dated October 12, 20 I 7 and entered October 13, 20 I 7 (the "Motion Denying Motion for Reconsideration") [Dkt. No 133).

Appellant App-483.  In the civil docket sheet for the bankruptcy appeal, in the cause of action, the appellant asserted: *Appeal from Bankruptcy Court Order Denying Motion of Soleyman Ghalchi, Pursuant to Rule 9023 of Federal Rules of Bankruptcy 8001 Procedure and Rule 59( e) of Federal Rules of Civil Procedure, for Relief from Order Confirming Sale of Real Property Dated September 8,2017 and Entered September 11, 2017.* Id at 488  (Emphasis provided).

In both appeals, he asks for the same relief that the sale was done with collusion and that the sale be cancelled. We agree that the sale should be cancelled not for the reasons that Ghalchi is advancing, but for other several reasons, not a part of this brief, but with which the bankruptcy court docket is littered with.  This sale was done on behest of the secured creditor, Wells Fargo's counsel Colin Bernardino and not the debtor and debtor did not have a competent representation in the bankruptcy forum. The debtor did not want to sell the property and as is clear that the buyer (Ghalchi) did not want to buy it. Yes, we are looking for the same relief that the sale be cancelled that Ghalchi gets the sale price and property is reverted back to the debtor. It is not late. The appellees would pay the price that Ghalchi paid.  We concede with that part of the relief as requested from underlying motion (of the bankruptcy court) where these appeals are coming.

The problem however now is with the appellant filed brief, it requests something additional, very different than what was requested with the bankruptcy court. Ghalchi prayer is

> For all of the foregoing reasons, the Court should find that the Bankruptcy Court abused its discretion in denying the Motion for Reconsideration and reverse the Order Denying the Motion for Reconsideration. Moreover, the Court should reverse the Sale Order to the extent it found that the $7,350,000 bid was "fair and reasonable" and/or "reasonably equivalent value", and instead find that Ghalchi's last, untainted bid of $7,000,000 is properly "fair and reasonable" and/or "reasonably equivalent value," and direct the Debtors to return the sum of $350,000 to Ghalchi.

Appellant's Brief, P. 24. The second part of the relief now requested, "Court should reverse the Sale Order to the extent it found that the $7,350,000 bid . . . and instead find that Ghalchi's . . . bid of $7,000,000 is properly "fair and reasonable" . . .  and direct the Debtors to return the sum of $350,000 to Ghalchi," is in appropriate.  The appellant raises this specter of additional or alternative relief is not legal and tenable.

This request for return of $350,000 is raised for the first time on appeal.  This relief was never requested below. What was requested below was overturning of the entire sale (to which we agree) and not that appellee be saddled to pay $350,000.  It is clear that "[a]n appellate court's function is to revisit matters decided in the trial court. When an appellate court reviews a matter

8

on which a party failed to object below, its review may well be constrained by other doctrines such as waiver, forfeiture, and estoppel, as well as by the type of challenge that it is evaluating." *Musacchio v. United States,* 136 S. Ct. 709, 716 (2016). Ghalchi cannot ask for return of $350,000 rather, he should or could only ask for return of his $7.350 million. "No procedural principle is more familiar than that a right may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it." *Puckett v. United States*, 556 U.S. 129, 134 (2009) (quoting *Yakus v. United States*, 321 U.S. 414, 444 (1944)). The appellant fails to show any exceptional or extraordinary circumstances framework for allowance under the more demanding plain error standard of review articulated in *United States v. Olano*, 507 U.S. 725 (1993). See also, *Singleton v. Wulff,* 428 U.S. 106, 120 (1976). Here the plain error standard control. But the appellant's contentions and past record doe nsot satisfy that test.  *See, e.g., Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 142 (2d Cir. 2007) (applying a "fundamental error" standard requiring an error that is "so serious and flagrant that it goes to the very integrity of the trial," requiring "even more than is necessary to meet the plain error standard"). The appellant never sought this partial relief that they are seeking now, return of $350,000. Waived errors are "extinguish[ed]" and generally may not be argued on appeal. *Olano*, 507 U.S. at 733–34; *see also Puckett*, 556 U.S. at 138 (if an error is "*waived*—that is, intentionally relinquished or abandoned…. there [is] no error at all"). *See, e.g.*, *Wood v. Milyard,* 566 U.S. 463, 474 (2012) (finding that a state's representation in the district court that it "will not challenge, but is not conceding" its assertion that a habeas petition was not timely filed amounted to a waiver for appellate purposes); *Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394, 404 (2006) (sufficiency challenge to civil verdicts foreclosed if party fails to preserve as prescribed by Federal Rule of Civil Procedure 50). "In general we refrain from passing

9

on **issues not raised below**." *Westinghouse Credit Corp. v. D'Urso,* 371 F.3d 96, 103 (2d Cir.2004) (citing *Singleton*)

The rest of the contention of the appellant are moot, in light of the fact that we agree with the core relief of cancellation of sale. There is no doubt that the sale integrity suffered owing to the debtors previous counsel ignoring the plight of the debtors and not advertising the sale properly, moving with electric speed to effectuate the sale, treating a real concrete building as some perishable goods, setting aside the highest bidder, Mr. Choudhary. It was a mess. Thus we in essence agree that the sale be cancelled. Thus, any other issues are not justiciable now, as the conceding to the cancellation of sale has made them moot—"its character as a present, live controversy of the kind that must exist if [this Court is] to avoid advisory opinion on abstract proposition of law." *Hall v. Beals*, 396 U.S. 45, 48 (1969) (per curiam). See also *Powell v. McCormack*, 395 U.S. 486, 496 (1969) ("Simply stated a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome"). "The case or controversy requirement subsists through all stages of federal judicial proceedings , trial and appellate." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990): see also *Arizonans for Official English v. Arizona*, 520 U.S. 43, 65 (1997). It is clear that during the course of a litigation, an opponent [the appellee herein] my provide full relief [as we do now by consenting to the cancellation of sale], or the parties may dispose of their claims through consent judgment or simple settlement. See *Commissioner v. Shapiro,* 424 U.S. 614, 622 n.7 (1976) (procedural objection cured by intervening action complying with requirements). *Deposit Guarantee Nat'l Bank v. Roper*, 445 U.S. 326 (1980) (full payment of money damages mooting individual claims of class representatives). See also, *DeFunis v. Odegaard*, 416 U.S. 312 (1974) (Noting that since "all parties agree that *DeFunis* is now entitled to complete his legal studies . . . and to receive his degree . . . [a] determination by this court of the legal issues . . . is no longer necessary").

It is clear where parties agree to the final relief, there is no point of deciding other issues or *ratio decidendi.*

## Conclusion

Wherefore, we join the Appellants in their request for cancellation of sale and their demand for return of $7.350 million. We oppose any partial relief requested here of return of $350,000 as it is raised in appeal for the first time.   Thus, the sale of the property be cancelled.

Dated: New York NY
March 30, 2018                                                                                  /s/karamvir Dahiya
                                                                                                     _____
                                                                                                     Karamvir Dahiya
                                                                                                     Dahiya Law Offices, LLC

11